UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JESUS MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS, INC.<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 7:19-cv-00061<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JESUS MEDINA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of QUICKEN, LOANS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**PARTIES**

4.  Plaintiff is a natural person over 18 years-of-age residing in Hidalgo County, Texas, which is located within the Southern District of Texas.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant offers retail mortgage lending solutions online in the United States. It offers mortgages and home buying programs such as refinancing options. The company provides adjustable-rate mortgages, fixed-rate mortgages, fixed-rate VA loans, VA adjustable-rate mortgages, jumbo loans, reverse mortgages, and others. It serves veterans, service members, and their families through iPhone and Android applications. The company was formerly known as Rock Financial Corp. and changed its name to Quicken Loans Inc. in December, 1999. The company was founded in 1985 and is based in Detroit, Michigan. It generates loans through its Web centers in Detroit, Michigan; Cleveland, Ohio; and Scottsdale, Arizona. The company also operates a centralized loan processing facility in Detroit, Michigan, as well as a reverse mortgage unit in San Diego, California. Quicken Loans Inc. operates as a subsidiary of Rock Holdings Inc.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Around January of 2019, Plaintiff consistently began receiving calls from Defendant to his cellular phone, (956) XXX-4273.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4273. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (956) 278-7831 when contacting Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

12. Upon information and belief, the aforementioned phone number ending in -7831 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

13. During answered calls, Plaintiff has been subjected to a significant pause, lasting several seconds in length, causing Plaintiff to say "hello" several times before being connected to a live representative.

14. Plaintiff was unaware of Defendant's purpose in contacting his cellular phone.

15. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit Plaintiff to apply for one of Defendant's loans.

16. Plaintiff has told Defendant's representative that he is not interested in its services and has demanded that it stop calling his cellular phone, as well as to remove his phone number from its calling list.

17. Despite Plaintiff's demands, Defendant continued to regularly call his cellular phone.

18. Due to the fact that Defendant's phone calls persisted, Plaintiff took the time to call it back and reiterate his demands.

19. Plaintiff has told Defendant to stop calling him on numerous occasions. No matter how many times Plaintiff has told Defendant to stop calling him, it has continued to call his cellular

phone up until the date of the filing of this action. Defendant has also called Plaintiff's cellular phone multiple times during the same day.

20. Defendant has called Plaintiff's cellular phone at least 30 times since Plaintiff demanded that it stop calling him.

21. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff had to say "hello" several times before a live representative began to speak is instructive

4

that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's constant contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

28. The calls placed by Defendant to Plaintiff were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant, through its solicitation conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

32. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

33. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

34. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, hindered Plaintiff's recovery from his injuries, and continually frustrated and annoyed Plaintiff into submission.

35. These persistent solicitation calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

36. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into applying for Defendant's services, Plaintiff had no reasonable escape from these incessant calls.

37. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

38. Defendant's relentless solicitation conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

39. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

WHEREFORE, Plaintiff, JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III-TRESPASS TO CHATTELS

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

42. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

43. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

44. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

45. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

46. Defendant barraged Plaintiff with numerous calls, leaving him unable to use or possess his cellular phone in the manner in which he wanted to.

47. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him on numerous occasions.

48. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

49. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

WHEREFORE, Plaintiff, JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.

Dated: February 24, 2019                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                     *Counsel for Plaintiff*
Admitted in the Southern District of Texas  Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                     Lombard, Illinois 60148
(630) 568-3056 (phone)                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                        (630) 575-8188 (fax)

nvolheim@sulaimanlaw.com                    thatz@sulaimanlaw.com